IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| COREY GROOMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv597-MHT |
| | ) | (WO) |
| ASPLUNDH TREE EXPERT, LLC, | ) | |
| and CHRISTOPHER RAILEY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff filed this lawsuit in an Alabama state court, asserting against defendants a state claim of fraudulent concealment based on his former employer's termination of his employment without first telling him.  In the complaint, plaintiff contends that, had he known that he had been terminated and had as a result lost his health insurance coverage, he would not have undertaken a risky activity that ended with injuries and attendant medical bills.  Defendants removed the case to this federal court, arguing that plaintiff's claim is completely preempted by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. §§ 1001-1462, so that this court has
subject-matter jurisdiction over the case.  The case is
before the court on plaintiff's motion to remand the
case to state court.  Upon consideration of motion, the
court concludes that the motion should be granted.

On a motion to remand, the party that sought
removal has the burden of establishing federal
jurisdiction, and all doubts about removal should be
resolved in favor of remand.  *See Diaz v. Sheppard*, 85
F.3d 1502, 1505 (11th Cir. 1996).

Defendants contend that plaintiff's fraudulent
concealment claim is completely preempted by ERISA.  To
show that a claim is completely preempted by ERISA, the
removing party must meet both parts of the following
test: (a) that the plaintiff "could have brought his
claim under ERISA § 502(a)(1)(B)," and (b) that "no
other independent legal duty ... is implicated by a
defendant's actions."  *See Connecticut State Dental*

2

*Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).   ERISA § 502(a)(1)(B) authorizes a participant or beneficiary of an employee insurance plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

Plaintiff's claim is that the defendants fraudulently concealed that they had terminated him immediately prior to a weekend during which he went riding on a four-wheeler and had an accident, which resulted in his incurring medical bills with no health insurance to assist in paying them.  He contends that, had he known that the defendant had terminated him and accordingly that he was no longer covered by health insurance, he would not have gone out riding the

3

four-wheeler.  He seeks compensatory damages, including for mental anguish, as well as punitive damages.

Defendants contend that plaintiff could have brought his claim under ERISA § 502(a)(1)(B) because his claim is akin to a claim under § 510 of ERISA, which makes it "unlawful for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.  They also argue that what plaintiff really seeks is health insurance benefits and that Alabama law forecloses plaintiff's fraudulent concealment claim.

Defendants have failed to meet their burden of showing that plaintiff could have brought his claim under ERISA § 502(a)(1)(B).  The complaint does not contend that defendants terminated him "for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of

4

interfering" with his obtaining plan benefits. 29 U.S.C. § 1140. Thus, plaintiff's claim is not akin to a claim for wrongful termination under ERISA. The complaint also does not appear to seek health insurance benefits. Plaintiff does not contend that he was covered by insurance on the day of the accident, or that under the proper interpretation of the policy, he would have been covered by insurance, or that he should receive benefits that were wrongly denied. On the contrary, plaintiff acknowledges that he was not covered by insurance on the day of the accident. Instead, the gravamen of his complaint is that, had he known he was not covered, he would not have taken the unnecessary risk of going four-wheeling and would not have gotten into an accident at all. Accordingly, defendants have not met the burden of showing that plaintiff could have brought his claims under ERISA § 502(a)(1)(B). *See Connecticut State Dental Ass'n*, 591 F.3d at 1345. As defendants have not met this

burden, the court need not address whether an independent legal duty was implicated by defendants' actions. *See id.*

\*\*\*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (doc. no. 4) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama, for want of subject-matter jurisdiction.

All other motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 22nd day of April, 2020.

_/s/ Myron H. Thompson_
**UNITED STATES DISTRICT JUDGE**